## ANDERSON v. PRESTON.

(Circuit Court of Appeals, Ninth Circuit. Aug. 3, 1925.)

No. 4484.

1. Brokers ⊙⇒40—Minds of parties held not to have met on terms of contract.

Owner's letter imparted to plaintiff that he had timber land for sale at named price, and in reply thereto plaintiff asked for plat and terms, and owner stated in letter, inclosing plat, that on sale of land at named price there would be commission to plaintiff, and presumed that terms could be made to a substantial purchaser. *Held* that, plaintiff having made no answer to offer

to pay commission, and giving owner no intimation that he accepted employment, minds of parties never met.

**2. Contracts ⬅➡16—When contract by correspondence complete stated.**

Contract by correspondence is not complete until communications have passed beyond state of preliminary negotiations; minds of parties must have met, and at some point in correspondence there was definite proposal by one, which was unconditionally accepted by the other.

**3. Brokers ⬅➡82(1)—Complaint held not to state facts sufficient to constitute cause of action.**

Complaint in action to recover commissions for finding purchaser for timber lands, alleging owner's offer on January 25th to pay commissions, but which did not allege acceptance thereof by plaintiff, and which alleged that on June 16th plaintiff found purchasers and brought them to defendant's agent, *held* not to state cause of action; there being no allegation that owner's agent ratified plaintiff's acts, recognized existence of contract, accepted purchaser, or agreed on terms.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by A. E. Anderson against Thad B. Preston. Demurrer to complaint was sustained, and plaintiff brings error. Judgment affirmed.

The court below, for want of facts to constitute a cause of action, sustained a demurrer to the complaint in an action brought by the plaintiff in error to recover commissions for services rendered in finding a purchaser for certain timber lands. The plaintiff, a real estate broker in the state of Washington, received from the defendant in error, who resided in the state of Michigan, the following letter, dated January 15, 1923: "We have a tract in township 22—1 west that I think is very desirable timber. The price of this is three dollars ($3) per thousand. If you would be at all interested, kindly let me know."

On January 20th the plaintiff answered: "In regard to the tract in 22—1 west, if you will give me the minutes of same (township plat, or section plat, with parcels marked off), so that there would be no mistake made in descriptions, I will put it up to this party, as he is anxious for a logging chance. I would like very much to have your terms on this tract, so that I may be able to talk to him intelligently on the condition of sale, and I presume that you pay commission out of the $3 per M. Thanking you in advance for this information."

On January 25 the defendant replied: "I am inclosing plat of the lands in 22—1, and that was the basis of our purchase of these lands. On sale of the lands at $3 per thousand there would be a 5 per cent. commission going to you. I presume terms could be made that would meet the views of a substantial purchaser."

The complaint set forth the three letters as constituting a contract, and alleged that on or about June 16, 1923, the plaintiff obtained and procured certain substantial purchasers and brought them to the defendant, "who at that time was represented by one W. J. Patterson, of Aberdeen, Washington, as the agent of the defendant, with authority to make the sale and treat with the said intending purchasers." The complaint further alleged that thereupon said intending purchasers proceeded to cruise said lands, but that on November 1, 1923, the defendant refused to proceed with the sale. Judgment was demanded for a commission in the sum of $9,279.90. After the demurrer was sustained, the plaintiff refused to plead further, and the action was dismissed with prejudice.

Govnor Teats, Leo Teats, and Ralph Teats, all of Tacoma, Wash., for plaintiff in error.

John C. Hogan, of Aberdeen, Wash., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] We agree with the court below that complaint failed to state facts sufficient to constitute a cause of action. It does not show that the minds of the parties ever met upon the terms of a contract. In the first letter the defendant imparts to the plaintiff the fact that he has timber land for sale at $3 per thousand. In the second letter the plaintiff answers, asking for a plat of the land and the defendant's terms, and adds: "I presume that you pay commission out of the $3 per M." In the third letter the defendant sends the plat and informs the plaintiff that, on sale of the lands at $3 per M., "there will be a 5 per cent. commission going to you. I presume terms could be made that would meet the views of a substantial purchaser." The date of that letter was January 25, 1923. There the correspondence closed. The plaintiff made no answer to the offer to pay a commission of 5 per cent. for effecting the sale, and he gave the defendant no intima-

tion that he accepted the employment, or would undertake to find a purchaser.

[2] Nor did he make any inquiry as to terms of a sale that would be acceptable to the defendant. "A contract by correspondence is not complete until the communications have passed beyond the state of preliminary negotiations. The minds of the parties must have met, and it must appear that at some point in the correspondence there was a definite proposal by one party which was unconditionally accepted by the other." 13 C. J. 299.

[3] The complaint proceeded to allege that on June 16, 1923, the plaintiff found substantial purchasers and brought them to the defendant's agent at Aberdeen, Wash., "who had authority to make the sale and treat with said intending purchasers"; but there is no allegation that the agent had further negotiations with the plaintiff, or ratified anything that had been done by the plaintiff, or recognized the existence of a contract, or accepted the intending purchasers, or agreed upon terms with them. The alleged fact that the said purchasers thereafter proceeded to make a cruise of the timber adds nothing of substance to the complaint. Long before June 16 the defendant was justified in assuming that the negotiations between him and the plaintiff had been dropped, and that the plaintiff had either decided not to undertake to sell the land upon a commission of 5 per cent. or that the person whom he represented to be "anxious for a logging chance" had declined to purchase the timber at the price quoted.

The judgment is affirmed.